UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHANA KNOPFLER, on behalf of herself            Case No.: 11-CV-5777
and all others similarly situated,

                                     **ANSWER**

                        Plaintiff,

      -against-

ALLIED INTERSTATE, INC.,

                        Defendant.
-------------------------------------------------------------------------X

Defendant, Allied Interstate LLC, f/k/a Allied Interstate, Inc. ("Allied"), by its attorneys Hitchcock & Cummings, LLP, as and for its answer to the complaint herein, alleges upon information and belief as follows:

## INTRODUCTION

1.      Denies the allegations contained in paragraph 1 of the complaint, and respectfully refers all questions of law to the Court.

## PARTIES

2.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

3.      Denies the allegations contained in paragraph 3 of the complaint, and respectfully refers all questions of law to the Court, except admits that Allied attempted to collect a debt from plaintiff.

4.      Denies the allegations contained in paragraph 4 of the complaint.

5.      Denies the allegations contained in paragraph 5 of the complaint, except admits that Allied's business includes collection of debts.

6.      Denies the allegations contained in paragraph 6 of the complaint, and respectfully

refers all questions of law to the Court.

## JURISDICTION AND VENUE

7. Denies the allegations contained in paragraph 7 of the complaint, and respectfully refers all questions of law to the Court.

8. Denies the allegations contained in paragraph 8 of the complaint, and respectfully refers all questions of law to the Court.

9. Denies the allegations contained in paragraph 9 of the complaint.

10. Denies the allegations contained in paragraph 10 of the complaint.

11. Denies the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12 of the complaint, and respectfully refers all questions of law to the Court.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint.

## FIRST CAUSE OF ACTION

16. In response to the paragraph 16 of the complaint, Allied repeats and realleges each and every response to the allegations of the complaint as contained in paragraphs 1 through 15 as if more fully set forth herein.

17. The allegations contained in paragraph 17 of the complaint do not allege facts, and therefore require neither an admission nor denial.

18. Denies the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations, and all of its subparts, contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint.

22. The allegations in paragraph 22 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

23. The allegations in paragraph 23 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Denies the allegations contained in paragraph 25 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

26. Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

27. The complaint's class action allegations, and each purported cause of action brought on behalf of a class of putative plaintiffs therein, fail to state facts sufficient to establish an ascertainable class and a substantial benefit to the parties and the Court sufficient to maintain a class action. This action also may not properly be maintained as a class action because (a) the named plaintiff will not fairly and adequately protect the interests of the putative class, (b) common issues of law and fact, if any, do not predominate over individual issues, and (c) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

**THIRD AFFIRMATIVE DEFENSE**

28. Allied's conduct is not the actual or proximate cause of plaintiff's alleged injury.

**FOURTH AFFIRMATIVE DEFENSE**

29. Allied's telephone calls did not constitute unfair tactics in an attempt to collect a debt and did not contradict plaintiff's rights.

**WHEREFORE**, Allied demands judgment dismissing the complaint as against it, together with the costs and disbursements of this action, including attorneys' fees, as well as any further relief as this Court deems just and proper.

Dated:  New York, New York
January 30, 2012

HITCHCOCK & CUMMINGS, LLP

By: *S/ Christopher B. Hitchcock /*
Christopher B. Hitchcock (CH7689)
Attorneys for Defendant
*Allied Interstate LLC f/k/a Allied Interstate, Inc.*
120 West 45th Street, Suite 405
New York, New York 10036
(212) 688-3025

TO: **ADAM J. FISHBEIN, P.C.**
*Attorney for Plaintiff*
483 Chestnut Street
Cedarhurst, New York 11516

4